# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **AUDREY M. EASTER,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | Case No. 2:19-cv-00612-HCN-JCB |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,** | District Judge Howard C. Nielson, Jr. |
| Defendant. | Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Plaintiff Audrey M. Easter's ("Ms. Easter") motion for leave to file a sur-reply in support of her motion for summary judgment.[3] The court has carefully reviewed the written memoranda submitted by the parties. Under DUCivR 7-1(f), the court has concluded that oral argument is not necessary and, therefore, decides the motion on the written memoranda.

---

[1] ECF No. 17.

[2] ECF No. 31.

[3] ECF No. 57.

## RELEVANT BACKGROUND

On March 16, 2020, the court entered an amended scheduling order setting July 6, 2020, as the deadline for dispositive motions.[4]  On July 2, 2020, Defendant Hartford Life and Accident Insurance Company ("Hartford") filed a timely motion for summary judgment.[5]  Ms. Easter did not respond to Hartford's motion, but instead filed a motion for an extension of the deadline for dispositive motions.[6]

On July 15, 2020, the court held oral argument on several motions, including Ms. Easter's motion for an extension of time.[7]  In a written order following the hearing, the court granted in part and denied in part Ms. Easter's motion.[8]  The court directed Ms. Easter to file her dispositive motion on or before August 7, 2020.  The court also set a deadline of August 21, 2020, for Ms. Easter and Hartford to file their respective reply memoranda.  As the court indicated during the hearing, the filing of those memoranda would end the briefing on the parties' dispositive motions.

---

[4] ECF No. 27.

[5] ECF No. 39.

[6] ECF No. 42.

[7] ECF No. 46.

[8] ECF No. 47.

On August 6, 2020, Ms. Easter filed a motion for summary judgment.[9]  Ms. Easter and Hartford then filed their respective reply memoranda on August 21, 2020.[10]  Ms. Easter now moves for leave to file a sur-reply in support of her motion for summary judgment.

## ANALYSIS

Ms. Easter argues that Hartford's reply memorandum raised several new arguments and cited authorities that were not previously referenced in the prior briefing on the parties' cross-motions for summary judgment.  To obtain leave of court to file a sur-reply on a motion for summary judgment, a party must show that it "should be given an opportunity to respond to new material raised for the first time in the . . . reply."  *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005); *see also Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998).  "Material, for purposes of this framework, includes both new evidence and new legal arguments."  *Green*, 420 F.3d at 1196 (quotations and citation omitted).  The decision about whether to allow a party to file a sur-reply on a motion for summary judgment is within the court's discretion.  *Id.* (providing that the district court's decision on a motion for leave to file a sur-reply on a motion for summary judgment is reviewed "for abuse of discretion").

Ms. Easter attempts to meet satisfy those requirements by arguing that Hartford's reply memorandum (1) raised two new arguments that were not raised in the parties' prior briefing and

---

[9] ECF No. 52.

[10] ECF Nos. 55-56.

(2) cited cases that were not cited in the parties' prior briefing.[11]  The court addresses those arguments in turn below.  Based upon the following analysis, Ms. Easter's motion is denied.

I.      **Hartford Did Not Raise New Arguments in Its Reply Memorandum.**

Ms. Easter contends that Hartford raised two new arguments in its reply memorandum. For the following reasons, the court disagrees and concludes that Ms. Easter's arguments fail.

Ms. Easter first argues that Hartford raised a new argument in its reply memorandum when it discussed the issue of the regulation requirement for a claim determination letter to identify information necessary to "perfect" a claim.  That argument is without merit.  Ms. Easter specifically raised that issue in her motion for summary judgment.[12]  It was entirely appropriate for Hartford to address the issue in its reply memorandum.[13]  In doing so, Hartford did not raise a new argument.

Ms. Easter also argues that Hartford raised a new argument in its reply memorandum when it noted that Ms. Easter's motion for summary judgment cited to certain regulations that were not in effect at the time of Hartford's decision on Ms. Easter's claim.  Ms. Easter claims that she should be permitted to file a sur-reply to address that issue.  That argument fails.  As

---

[11] In addition to these arguments, Ms. Easter "objects" to certain portions of Hartford's reply memorandum because, according to Ms. Easter, they are "unsupported by evidence." ECF No. 57 at 3-5.  As noted by Hartford, neither the Federal Rules of Civil Procedure nor this court's local rules provides for the filing of a motion to "object" to statements in an opposing party's memoranda.  Furthermore, Ms. Easter's disagreement about Hartford's view of the evidence and the law does not provide a basis for allowing Ms. Easter to file a sur-reply.  Therefore, the court declines to address Ms. Easter's objections separately here.

[12] ECF No. 52 at 22.

[13] ECF No. 56 at 15.

Hartford correctly argues, the relevant regulations Ms. Easter has cited either were in effect or were not in effect at the time of Hartford's decision on Ms. Easter's claim. Ms. Easter has failed to articulate how further briefing would aid the court in its determination of that issue. Therefore, because there are no new arguments, there is no need for a sur-reply.

II.     **Hartford's Citation to Additional Cases Does Not Provide a Basis for Ms. Easter to File a Sur-Reply.**

Ms. Easter argues that she is entitled to file a sur-reply because Hartford cited cases in its reply memorandum that were not previously cited in the parties' prior briefing on the issue of "procedural irregularities." That contention is without merit because citing new authority to support a previously proffered argument does not create "new material" warranting a sur-reply. Ms. Easter raised the "procedural irregularities' argument in her motion for summary judgment, basing it on certain Tenth Circuit cases.[14] Hartford addressed that argument in its reply memorandum by discussing one of the cases Ms. Easter cited, as well as other cases.[15] Those circumstances do not provide a basis for allowing Ms. Easter to file a sur-reply. For those reasons, Ms. Easter's argument on this point fails.

---

[14] ECF No. 52 at 12-14.

[15] ECF No. 56 at 10-12.

## CONCLUSION AND ORDER

Based upon the foregoing, the court concludes that all of Ms. Easter's arguments are without merit.[16]  Therefore, her motion for leave to file sur-reply in support of her motion for summary judgment[17] is DENIED.

IT IS SO ORDERED.

DATED October 20, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[16] In the final portion of her motion, Ms. Easter requests that the court hold oral argument on the parties' cross-motions for summary judgment.  This court will not decide that issue.  At the appropriate time, Judge Nielson will determine whether oral argument is necessary on the parties' motions.

[17] ECF No. 57.